UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| GEORGE F. ALDRIDGE, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:18-cv-55-SNLJ |
| LEE BROWNING, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the second amended complaint filed by plaintiff George Aldridge, a prisoner and frequent filer of lawsuits. For the reasons explained below, the Court will give plaintiff the opportunity to file a third amended complaint.

## Background

As fully set forth in the Court's May 14, 2018 Memorandum and Order, plaintiff initiated this civil action by filing a long, rambling, 69-page complaint that was prepared in a manner that obscured what plaintiff's actual claims were, and failed to give the named defendants fair notice of the claims made against them. In consideration of plaintiff's *pro se* status, the Court gave plaintiff leave to file an amended complaint. In so doing, the Court clearly explained to plaintiff the deficiencies of the complaint, and gave him clear instructions about how to prepare the amended complaint. The Court also specifically advised plaintiff he was required to follow Rule 8(a)(2) of the Federal Rules of Civil Procedure, which required a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court also instructed plaintiff that he was required to set forth the factual allegations supporting his claim

against each defendant. The Court cautioned plaintiff that his failure to file an amended complaint according to the Court's instructions could result in the dismissal of his case.

Plaintiff filed an amended complaint, but he then filed a motion seeking to withdraw it, and also seeking an extension of time to file a second amended complaint. The Court granted plaintiff's motion. Plaintiff has filed a second amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2).

### The Second Amended Complaint

Plaintiff filed the second amended complaint pursuant to 42 U.S.C. § 1983 against Lee Browning, Corizon Health Services, Nurse Nina Hill, and Cynthia Reese. Review of the second amended complaint shows that plaintiff has made no effort to comply with this Court's May 14, 2018 Memorandum and Order. The second amended complaint spans 75 pages, it is unnecessarily prolix and complex, and the allegations are most often conclusory and legally argumentative. Plaintiff begins by setting forth conclusory allegations against the defendants, and at the bottom of the page he writes: "See attached pages for more claims. See attached pages for more details." Pages 16 through 75 contain a long and rambling recitation of various unrelated events involving various people. Some of plaintiff's statements relate to his displeasure with the medical treatment he received for various conditions. Other statements reference medical care and "lay ins" he had at other institutions, being denied soap for 13 days, and having burdens placed upon his ability to practice his religion. It is obviously plaintiff's intention that this Court pore through these pages and piece together his claims against each defendant, something this Court will not do.

### Discussion

As plaintiff was previously advised, the Federal Rules of Civil Procedure require, in relevant part, that a pleading contain a "short and plain statement" of the claim showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). They also require that each allegation in a pleading be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Court recognizes that plaintiff is representing himself in these proceedings, but even *pro se* plaintiffs are expected to follow the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

Because plaintiff is proceeding *pro se*, the Court will give him an opportunity to file a third amended complaint. Plaintiff must prepare the third amended complaint using a Court-provided form, and he must specify whether he intends to sue each defendant in an official capacity, individual capacity, or both.[1]

In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the <u>factual allegations</u> supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated, to the extent he knows it. If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff is advised that he must allege <u>facts</u> that show how each defendant is causally linked to, and directly responsible for, violating his rights. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights).

If plaintiff sues more than one defendant, he may only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). In the alternative, plaintiff may choose to name only one defendant, and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Plaintiff is reminded that each of his allegations must be <u>simple, concise, and direct</u>. Plaintiff must not attach any exhibits to the third amended complaint, and he may not supplement the third amended complaint by referencing, or trying to incorporate, other documents. Instead, all of plaintiff's claims must be clearly and concisely set forth in one complaint form.

Plaintiff must file a third amended complaint within twenty-one (21) days of the date of this Memorandum and Order. The filing of the third amended complaint will completely replace plaintiff's prior pleadings. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff's failure to timely comply with this Memorandum and Order will result in the dismissal of this case with prejudice. *See Micklus v. Greer*, 705 F.2d 314, 317 n. 3 (8th Cir. 1983) (if a plaintiff persistently fails to comply with Rule 8(a), a district court is justified in dismissing an action with prejudice).

Accordingly,

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit a third amended complaint in accordance with the instructions set forth herein.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 4th day of September, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE