UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEORGE F. ALDRIDGE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-55-SNLJ |
| | ) | |
| LEE BROWNING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff George F. Aldridge, Jr.'s motion for reconsideration. The motion will be denied.

## Background

The history of this case is fully set forth in this Court's prior orders. However, following is a brief summary. Plaintiff initiated this civil action by filing a long, rambling, 69-page complaint that was prepared in a manner that obscured what his actual claims were, and failed to give the named defendants fair notice of the claims made against them. In consideration of plaintiff's *pro se* status, the Court gave plaintiff leave to file an amended complaint. In doing so, the Court clearly explained the deficiencies in the complaint, and clearly instructed plaintiff about how to remedy them. Subsequently, plaintiff filed an amended complaint, but then moved to withdraw it, and asked for an extension of time to file a second amended complaint. The Court granted plaintiff's request, and plaintiff subsequently filed a second amended complaint. However, upon review, the Court noted the second amended complaint contained the same defects as the original. In consideration of plaintiff's *pro se* status, the Court granted him leave to file a third amended complaint. After seeking and receiving an extension of time, plaintiff

filed a third amended complaint. Upon review, the Court determined that plaintiff's allegations did not state any actionable claims, and dismissed the action without prejudice. Plaintiff now moves for reconsideration.

**Discussion**

Petitioner did not frame his motion under the Federal Rules of Civil Procedure, but it is the functional equivalent of a motion under either Rule 59(e) or 60(b). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence," and allow a court to correct its own mistakes in the time immediately following judgment. *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances," and allows a court to "relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect." *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755 (8th Cir. 1996), *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal citation omitted). Such motions do not allow a party to re-litigate matters previously resolved by the court, or offer arguments or evidence that could have been presented prior to the entry of judgment, unless good cause is shown for such failure. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013); *Innovative Home Health Care*, 141 F.3d at 1286.

The Court has reviewed the motion, and will decline to alter or amend its prior judgment. The motion fails to point to any manifest errors of law or fact or any newly discovered evidence, and it fails to set forth any exceptional circumstances justifying relief. Instead, the motion can be said to simply revisit old arguments, which this Court has previously addressed. Plaintiff is

therefore not entitled to reconsideration of the dismissal of this action, and the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration (Docket No. 25) is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal of this action would not be taken in good faith.

Dated this 21st day of November, 2018.

                                              STEPHEN N. LIMBAUGH, JR.
                                              UNITED STATES DISTRICT JUDGE